[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage in which many of the underlying facts are not in dispute. The parties were married on September 29, 1989, and have resided in Connecticut for a period of at least one year immediately prior to the date of the filing of the complaint. There are no children from this marriage.
The parties agree that the marriage has broken down irretrievably evidenced by their testimony as to serious communication difficulties and arguments. The court finds that although the parties both contributed to the breakdown, the plaintiff husband is more at fault for the breakdown than the wife. Though the parties had separated on previous occasions, the court finds credible the wife's testimony that the husband left the marital home on the final occasion in February, 1996. Although the court is not convinced that the husband was having an affair with a woman that he worked with, the court does find it suspicious that he commenced his relationship with this woman very shortly after he moved out of the marital residence.
The parties have stipulated to a number of issues, but a primary contested issue is the status of the family home owned by the parties in Connecticut. The evidence at trial showed that the husband clearly provided the down payment for the purchase of the Connecticut house. Both parties equally preserved the house and worked on it diligently, as evidenced by their testimony and the photos introduced into evidence at trial.
I. BY WAY OF DISSOLUTION
The marriage between the parties is dissolved and each party is declared to be single and unmarried.
II. BY WAY OF ALIMONY
The court orders the husband to pay alimony to the wife in the amount of $50 per week for a period of two years, with alimony to terminate prior to the two-year period on the happening of any of the following events: death of either party, or remarriage or cohabitation of the defendant with another person. The husband and wife shall each pay one-half the COBRA premiums of the wife for a maximum of three years unless the wife obtains coverage through her employer. The court wishes to emphasize that the wife has no pension or retirement benefits CT Page 5370-GGGG from her present job as a waitress
III. BY WAY OF PROPERTY SETTLEMENT
The court orders that the Connecticut house be sold immediately by placing it with an agreed-to realtor for the price of $189,900. The defendant wife is allowed to remain in sole possession until it is sold. At the sale for a mutually agreed price, after the deduction of closing costs and the mortgage, the husband is to receive 60 percent of the net proceeds and the wife 40 percent. Until the house is sold, each party is to pay one-half of the mortgage and the wife is to pay all the utilities and to maintain the premises. Any expenses over $150 are to be shared equally by the parties.
The boiler and the farm tractor are to be sold and the proceeds divided equally between the parties. Each party shall keep their own vehicle and shall remove the name of the other from any loan associated therewith. The husband shall keep the boat and shall remove the wife's name from the loan associated with the boat. The items listed on the personal property schedule of the husband's request for judgment shall remain his sole property. The bank accounts and IRAs shall be divided equally between the parties. The parties shall each retain their own life insurance policies together with any cash surrender value on each policy, except that the husband shall maintain an unencumbered term life insurance policy on his life in the amount of $7500 naming the wife as beneficiary so long as he has an obligation to pay alimony. The unimproved South Carolina property shall be sold in accordance with the terms outlined in the plaintiff's request for judgment dated September 6, 1996, and the proceeds divided equally between the parties, except that this property shall be appraised at the husband's expense and he shall have the first opportunity to purchase said property. In that event, he shall pay to the wife one-half of the appraised value.
The court finds that the wife is entitled to 25 percent of the proceeds in the husband's 401K plan up to and including contributions made on December 31, 1996. Since the amount in the 401K plan is so small, the court orders that the husband pay the amount to the wife out of the proceeds of the sale of the marital home. Finally, the parties shall each be responsible for their own counsel fees.
Grogins, J. CT Page 5370-HHHH